IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GWENDOLYN BOYD,

      Plaintiff,

vs.                          CASE NO. 08-20284-CIV-Moreno/Torres

CITY OF NORTH MIAMI,

      Defendant.

_____/

**MOTION TO ENFORCE MEDIATION
SETTLEMENT AGREEMENT OR IN THE ALTERNATIVE TO
ENTER FINAL ORDER OF DISMISSAL WITH PREJUDICE
<u>AND MEMORANDUM OF LAW IN SUPPORT OF MOTION</u>**

Defendant, CITY OF NORTH MIAMI ("City"), by and through its undersigned counsel and pursuant to the Court's Notice of Court Practice Upon Parties' Notice of Settlement issued on September 12, 2008 (Dkt. #28) ("Notice of Court Practice"), the Federal Rules of Civil Procedure and other legal or equitable grounds, moves this Honorable Court to enter an Order Enforcing the Mediation Settlement Agreement entered into between the parties on September 8, 2008, or in the alternative, to enter a final order dismissing the lawsuit with prejudice based on Plaintiff's failure to comply with the Court's Order of Notice of Court Practice Upon Parties Notice of Settlement dated September 12, 2008.  In support of this Motion, Defendant states the following:

      1.      On September 8, 2008, the parties to this lawsuit participated in a court-ordered mediation pursuant to this Court's Order of Referral to Mediation dated May 29, 2008 (Dkt. #11).  (Time frames for mediation were enlarged by this Court's Order dated July 11, 2008 (Dkt. #14) )

TPA:657185:3

2.      At the conclusion of mediation, the Plaintiff, Gwendolyn Boyd, who was represented by competent counsel, executed a Mediation Settlement Agreement that was sufficiently specific and mutually agreed upon as to every essential element of the contract. The Mediation Settlement Agreement included terms intended to be included in a final written settlement agreement encompassing all of the claims raised in the present lawsuit <u>and</u> a global settlement of all of Plaintiff's employment-related claims against the Defendant. (The only claim omitted was a specifically enumerated workers compensation claim not a part of this lawsuit.)  A copy of the Mediation Settlement Agreement is attached hereto as Exhibit "1."  As evident from the Mediation Settlement Agreement, the agreement was also executed by Plaintiff's attorney, the Defendant's representative with authority as provided for by law to recommend settlement to the Defendant as a local governmental entity, and the Defendant's attorney.

3.      On September 12, 2008 this Court issued the Notice of Court Practice referenced above which  required that the parties file "…all papers related to the settlement including any order of dismissal stating specific terms and conditions, no later than September 24, 2008." The Notice went on to state that: "If the parties do not comply with this Order, then the Court *shall dismiss this case with prejudice* or proceed to trial during the previously scheduled two week period of September 15, 2008." (emphasis supplied)  In an Order dated September 26, 2008 (Dkt. #31), the deadline for complying with the Court's Notice of Court Practice was extended to October 31, 2008 for the parties to file all papers related to the settlement including any order of dismissal stating specific terms.

4.      As authorized by law, the Mediation Settlement Agreement contemplated that the City's authorized representative would recommend settlement to the City Council at a subsequent City Council meeting.  On September 23, 2008, the City Council approved the

Mediation Settlement Agreement as evidenced by the attached Resolution # R-2008-101, attached hereto as Exhibit "2."

5.     On September 24, 2008, Defendant notified this Court of the City's approval of the Mediation Settlement Agreement at the September 23, 2008 City Council meeting, (Dkt. #30) and informed the Court that Defendant's counsel had furnished Plaintiff's counsel with a proposed Settlement Agreement and General Release and Waiver (the "General Release") for Plaintiff's review and approval. (Dkt. #28). The General Release, as contemplated by the parties, contained the provisions contemplated by the Mediation Settlement Agreement.

6.     On September 30, 2008, Plaintiff's counsel sent Defendant's counsel Plaintiff's requested revisions to the General Release.  (Composite Exhibit #3).  As a result, Defendant's counsel revised the General Release, accepting most of Plaintiff's requested changes, with the exception of Plaintiff's requested deletion of the "no-rehire" provision of the General Release and forwarded the revised General Release to Plaintiff's counsel on October 1, 2008. (Composite Exhibit # 3).

7.     On October 2, 2008, Plaintiff's counsel delivered a copy of an executed W-9 Form (Request for Taxpayer Identification Number and Certification) for issuance of the settlement checks(Composite Exhibit # 3).

8.     On October 6, 2008, Defendant's counsel inquired of Plaintiff's counsel as to the status of execution of the General Release and was advised that Plaintiff would be coming to her counsel's office for a conference on October 7, 2008.  (Composite Exhibit # 3).

9.     On October 9, 2008, Defendant's counsel once again inquired of Plaintiff's counsel as to the status of the execution of the General Release.  On October 10, 2008, Plaintiff's counsel advised that Plaintiff was unable to attend the conference due to a conflict with a

doctor's appointment and that the agreement had been sent to her, with counsel awaiting her approval. (Composite Exhibit # 3).

10.     On October 14, 2008, Plaintiff's counsel advised Defendant's counsel that Plaintiff "is refusing to sign." (Composite Exhibit # 3). Defendant's counsel asked Plaintiff's counsel to enumerate Plaintiff's objections and reasons for her refusal to sign the General Release. Plaintiff's counsel responded as follows: "regrettably, my client has informed me that she has changed her mind about settling and that she won't sign the agreement, although she will respect whatever the Court requires of her in that regard.  I have explained to her that you would likely be filing a motion to enforce."  (Composite Exhibit # 3)

11.     In an email dated October 20, 2008 from Defendant's counsel to Plaintiff's counsel, Defendant's counsel requested clarification that "the issue is not one of possible objections to specific terms, but rather that your client will not sign any settlement agreement, notwithstanding that an agreement was reached at mediation," to which Plaintiff's counsel responded:  "correct." (Composite Exhibit # 3).

12.     Defendant's counsel proceeded to request the continued services of the mediator to attempt to resolve the issues presented by Plaintiff's refusal to comply with the terms of the September 8, 2008 Mediation Settlement Agreement. The parties initially agreed to attend a telephone conference with the mediator on October 24, 2008, but on the morning of the mediation, Plaintiff's counsel informed Defendant's counsel that Plaintiff would not be attending due to yet another conflict with a doctor's appointment. (Composite Exhibit # 3).

13.     Pursuant to Local Rule 7.1.A(3)(a), in an effort to obviate the need for this Motion and the relief sought therein, Defendant's counsel made good faith efforts to confer with

Plaintiff's counsel and provided a copy of this Motion to Plaintiff's counsel on October 24, 2008. However, as of the date of this filing, these issues have not been resolved.

WHEREFORE, Defendant respectfully requests, in the interest of justice, that this Honorable Court:

(a) enforce the Mediation Settlement Agreement entered into by the parties on September 8, 2008 (Exhibit# 1) and compel Plaintiff to execute the General Release (Exhibit # 2 to Composite Exhibit #3) or a substantially similar General Release containing the terms of the Mediation Settlement Agreement; AND dismiss the lawsuit with prejudice upon transmittal of the settlement funds. Defendant requests that this Honorable Court grant Defendant an award of attorneys' fees and costs (as supported by the Affidavit in Exhibit #4) incurred in the preparation and filing of this Motion as well as attempts at mediation and conferences with Plaintiff's counsel to resolve the issue of Plaintiff's refusal to comply with the terms of the Mediation Settlement Agreement, which sums are to be deducted from the consideration amount set forth in the Mediation Settlement Agreement in the event this Court enforces that agreement;

OR

(b) In the alternative, enter a final Order of Dismissal of the Lawsuit With Prejudice for Plaintiff's failure to comply with the requirements set forth in the Court's Notice of Court Practice issued on September 12, 2008 and amended on September 26, 2008. If this Honorable Court indeed enforces its Order of Dismissal with Prejudice, Defendant requests this Honorable Court  to grant

Defendant an award of attorneys' fees and costs incurred in the defense of this matter; and

(c) Not require the parties to try this Lawsuit, since a valid, enforceable Mediation Settlement Agreement has been executed, resolving all claims alleged in the Lawsuit. Proceeding to trial would prejudice the Defendant since nearly two months have now elapsed and Defendant has expended considerable efforts and incurred attorney's fees for the purpose of attending the mediation and finalizing the General Release; and

(d) Grant any and all other relief deemed just and appropriate by this Court.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE MEDIATION SETTLEMENT AGREEMENT OR IN THE ALTERNATIVE ENTER ORDER OF DISMISSAL WITH PREJUDICE

In a case pending before it, a trial court may summarily enforce a settlement agreement reached by the parties. Massachusetts Cas. Ins. Co. v. Forman, 469 F.2d 259 (5th Cir. 1072). A settlement agreement is a contract and, as such, issues concerning its construction and enforcement are resolved by applying state contract laws. Florida Education Association, Inc. v. Atkinson, 481 F.2d 662 (5th Cir. 1973). In Florida, settlement agreements are favored as a means to conserve judicial resources. Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295 (Fla. 4th DCA 2002).

To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential elements of the contract. Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement. Don L. Tullis and Assoc., Inc. v. Benge, 473 So.2d 1384 (Fla. 1st DCA 1985).

By affidavit of Defendant's Counsel, Defendant tracks the sequence of events related to the parties' execution of the Mediation Settlement Agreement and the Plaintiff's subsequent breach of such agreement (Composite Exhibit# 3).   The affidavits and exhibits presented by Defendant support a finding by this Court that the parties entered into a binding settlement agreement whose terms were sufficiently specific as to every essential element.  Plaintiff has failed or refused to communicate specific objections to the General Release provided for her signature pursuant to the terms of the Mediation Settlement Agreement.  This constitutes a breach of  the Mediation Settlement Agreement.

Based on these facts, Defendant is entitled to enforcement of the Mediation Settlement Agreement, and an Order Compelling Plaintiff's execution of the General Release, and thus the Motion to Enforce should be GRANTED.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1.A(3)(a), counsel for Defendant certifies to having made good faith efforts to confer with opposing counsel to obviate the need for this Motion and to obtain the relief sought in this Motion.  However, as of the date of this filing, the Plaintiff has failed to resolve the issues.

## CERTIFICATE OF REASONABLE ATTORNEY FEES EXPENDED IN PREPARATION OF MOTION AND EFFORTS TO RESOLVE ISSUES RELATED PLAINTIFF'S REFUSAL TO COMPLY WITH THE MEDIATION SETTLEMENT AGREEMENT EXECUTED ON SEPTEMBER 8, 2008

Defendant certifies that 20.80 hours of attorney fees were expended by Guilène F. Theodore, Esq. and Karen Morinelli, Esq. in connection with the preparation and filing of this Motion and related attempts at mediation and conferences with opposing counsel to resolve the

issues presented in this Motion.  The hours and rates for the attorney fees are set forth in the attached affidavit as to costs and fees expended found at Exhibit "4."

/s/ Guilene F. Theodore
Tony B. Griffin, Esq.
Florida Bar No. 0216682
  Board Certified by the Florida Bar
   in Labor and Employment Law
Guilène F. Theodore, Esq.
Florida Bar No. 380938
RUDEN, McCLOSKY, SMITH,
  SCHUSTER & RUSSELL, P.A.
401 East Jackson Street, Suite 2700
Tampa, FL  33602
Telephone: (813) 314-6703
Telecopier: (813) 314-6803
Email: Tony.Griffin@ruden.com

and

Karen M. Morinelli, Esq.
Florida Bar No. 0818275
RUDEN, McCLOSKY, SMITH,
  SCHUSTER & RUSSELL, P.A.
1515 Ringling Blvd, 7th Floor
Sarasota, Florida 34236
Telephone: (941) 316-7630
Telecopier: (941) 316-7930
Counsel for City of North Miami

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 31, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on Martin E. Leach, Esq., Feiler & Leach, P.L., 901 Ponce de Leon Boulevard, Penthouse Suite, Coral Gables, Florida, 33134, *Attorney for Plaintiff*, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

manner for those counsel or parties who are not authorized to receive electronically Notices of

Electronic Filing.

/s/ Guilene F. Theodore
Guilène F. Theodore, Esquire