IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GWENDOLYN BOYD,

    Plaintiff,

vs.                                         CASE NO. 08-20284-CIV-Moreno/Torres

CITY OF NORTH MIAMI,

    Defendant.
_____/

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF FILING SIGNED SETTLEMENT AGREEMENT AND MOTION TO DISMISS WITH PREJUDICE**

    Defendant, CITY OF NORTH MIAMI ("City"), by and through its undersigned counsel and pursuant to the Court's Order Granting Motion to Enforce Mediation Settlement Agreement dated November 3, 2008 (Dkt. #33), the Federal Rules of Civil Procedure and other legal or equitable grounds, files its objections to the Plaintiff's Notice of Filing Signed Settlement Agreement (Dkt. ##34 and 34-2) and moves this Honorable Court to enter an Order Finding that Plaintiff's filing fails to comply with the Court's November 3, 2008 Order and fails to comply with the Mediation Settlement Agreement signed by the Parties on September 8, 2008.  As a result, Defendant requests that this Court enter the attached Final Order Dismissing Lawsuit with Prejudice, and award attorney fees and costs pursuant to Motion filed on October 30, 2008 (Dkt. # 32).  In support of this Motion, Defendant states the following:

    1.    Plaintiff did not file final documents in compliance with the Court's November 3, 2008 Order and the Mediation Settlement Agreement, which contemplated the filing of a full release of all employment and other claims of Plaintiff, with the exception of Workers' Compensation Claims preserved by the Plaintiff, setting forth specific terms and conditions.

TPA:660071:1

2. A comparison document (and accompanying Affidavit) showing the difference between the release submitted by Defendant for enforcement with its motion on October 30, 2008 ("Original Release") and the release filed by Plaintiff on November 7, 2008 (Dkt # 34-2) ("Plaintiff's Release") is attached hereto as Exhibit 1 for the Court's convenience. The Original Release contains standard language releasing all employment claims with specificity, and indicating that no additional payment is to be paid to Plaintiff in connection with the releases. Despite Plaintiff's failure to voice any specific objections other than an objection to the "No Future Employment" provision previously found at Par. 8 of the Original Release, Plaintiff has signed and filed a release that completely vitiates all the standard releases of employment claims from the Original Release (See Original Release, attached as Exhibit "2" to Composite Exhibit "3", to Defendant's Motion to Enforce (Dkt. #32)), and that runs counter to the spirit and intent of the Mediation Settlement Agreement. Plaintiff initially indicated that she merely would not sign an agreement, without giving any specific objections, other than as indicated above, as to the terms of the Original Release, and has waited until the eleventh hour, after the Court has ordered her to file final documents, to file a completely gutted release that is a mere recital of what Plaintiff originally signed at the time of the Mediation Settlement Agreement with no "specific terms and conditions" as required by the Court in its November 3, 2008 Order. Plaintiff has thus waived any right to raise an objection to the Original Release presented by the Defendant.

3. While refusing to include provisions that are standard to a basic release of employment claims as contemplated by the parties when they signed the Mediation Settlement Agreement, Plaintiff has added provisions in the third Whereas clause and at paragraph 5(d) of

TPA:660071:1

2

Plaintiff's Release adding claims to be excluded from the release, beyond those expressly stated in the Mediation Settlement Agreement.

WHEREFORE, Defendant respectfully requests, in the interest of justice, that this Honorable Court:

(a) Enter a Final Order of Dismissal with Prejudice in the form attached as Exhibit "2" for Plaintiff's failure to comply with the requirements set forth in the Court's Order Granting Motion to Enforce Mediation Settlement Agreement dated November 3, 2008;

(b) Grant Defendant an award of attorneys' fees and costs incurred in the defense of this matter; and

(c) Grant any and all other relief deemed just and appropriate by this Court.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1.A(3)(a), in an effort to obviate the need for this Motion and the relief sought therein, Defendant's counsel made good faith efforts to confer with Plaintiff's counsel and provided a draft version of this Motion to Plaintiff's counsel on November 7, 2008.  As a result, Plaintiff's counsel has represented that he will file a revised Plaintiff's Release removing the provisions that were added to the Whereas clause and paragraph 5(d).  Upon his filing same, the objections in paragraph 3 hereof will be moot. As of the time of this filing, the remaining issues have not been resolved.

/s/ Guilene F. Theodore
Tony B. Griffin, Esq.
Florida Bar No. 0216682
  Board Certified by the Florida Bar
  in Labor and Employment Law
Guilène F. Theodore, Esq.
Florida Bar No. 380938
RUDEN, McCLOSKY, SMITH,
  SCHUSTER & RUSSELL, P.A.
401 East Jackson Street, Suite 2700
Tampa, FL  33602
Telephone: (813) 314-6703
Telecopier: (813) 314-6803
Email: Guilene.Theodore@ruden.com

TPA:660071:1

3

      and

      Karen M. Morinelli, Esq.
      Florida Bar No. 0818275
      RUDEN, McCLOSKY, SMITH,
       SCHUSTER & RUSSELL, P.A.
      1515 Ringling Blvd, 7th Floor
      Sarasota, Florida 34236
      Telephone: (941) 316-7630
      Telecopier: (941) 316-7930
      Counsel for City of North Miami

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 7, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Martin E. Leach, Esq., Feiler & Leach, P.L., 901 Ponce de Leon Boulevard, Penthouse Suite, Coral Gables, Florida, 33134, *Attorney for Plaintiff*, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Guilene F. Theodore
      Guilène F. Theodore, Esquire