UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20284-CIV-MORENO/TORRES

GWENDOLYN BOYD

    Plaintiff,

v.

CITY OF NORTH MIAMI,

    Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS AND MOTION TO DISMISS

Plaintiff, pursuant to Rule 7.1, S.D. Fla. L.R., files her Response to the Defendant's Objections to her Notice of Filing and Motion to Dismiss (D.E. 36), and states:

### BACKGROUND

As the Court is aware, the parties settled this case at mediation, but were subsequently unable to agree on the documentation necessary to finalize the closing of the case. On November 4, 2008, the Court entered its Order enforcing the mediation settlement agreement, and requiring the Plaintiff to comply with the terms of the mediation agreement, including filing all papers related to the settlement, including any order of dismissal, by November 7, 2008. Plaintiff did so, filing btoh a signed release and a proposed order of dismissal as required. Now, Defendant objects, seeking dismissal of the case and an award of sanctions. For the reasons set forth below, it will be seen that Defendant's objections and motion are frivolous.

Boyd v. City of N.M.
08-20284-CIV-FAM
Page 2

## DISCUSSION

The mediation agreement provided for two additional writings.  First, at paragraph 2, the agreement noted that it was "a global settlement of all claims currently existing or that could exist as of the date of [the mediation agreement], except any Worker's Compensation claims of Plaintiff which are specifically excluded from this settlement, and preserved by the Plaintiff.  ***Plaintiff will sign a release in accordance with this paragraph.***"  (e.s.)

Second, the mediation agreement, at paragraph 5, required the parties to execute a confidentiality and non-disparagement agreement.

The release provided to the Plaintiff by Defendant had terms that were not in the mediation agreement, and also contained voluminous superfluous boilerplate language.  First, the Defendant included no-rehire language, which was not in the mediation agreement.  Additionally, the Defendant changed the requirement of a neutral, non-negative job reference; and added in nearly four pages of unnecessary clutter.

In response, Plaintiff took Defendant's release, and edited it to remove the unnecessary language, as well as the terms not agreed to.  On the issue of releasing the Defendant, Plaintiff's release, at paragraph 8, clearly provides for a global release of all claims except as provided in the mediation agreement.  (Plaintiff acknowledges that the last sentence of paragraph 8 should be stricken; that language was stricken throughout the rest of the release and was inadvertently left in that paragraph.)  Furthermore, paragraph 9 of Plaintiff's release contain's <u>the Defendant's</u> language in its entirety.

Counsel undersigned sent the revised release to defense counsel <u>in the morning</u> on November 7, and advised her that the undersigned planned to leave early that day, so we could discuss any

revisions. Several calls were also placed to defense counsel without a return call. It was not until <u>4:09 p.m.</u> that the undersigned had any idea that Defendant objected, and even then it was only by email. Clearly, defense counsel was attempting to play "gotcha" with the release. After discussion, it became clear that defense counsel's strategy all along was to lay in wait in hopes that Plaintiff would get her case dismissed, and the City would then not have to meet its agreed upon obligations.

## CONCLUSION

The release submitted by the Plaintiff clearly and unequivocally contains each and every term agreed upon in the mediation agreement, and fully complies both with the mediation agreement and this Court's Order. The City has already approved the settlement; the Plaintiff has done each and every thing required of her; and there is absolutely no reason why the Defendant should not now meet its agreed upon obligations.

WHEREFORE, Plaintiff requests the Court to enter its Order OVERRULING Defendant's objections, DENYING its Motion to Dismiss, and requiring Defendant to comply with its obligations under the settlement agreement.

**FEILER & LEACH, P.L.**
Attorneys for Plaintiff
901 Ponce de Leon Blvd.
Penthouse Suite
Coral Gables, Florida 33134
Tel: (305) 441-8818
Fax (305) 441-8081
mbf@flmlegal.com

BY: _____/s/_____
    **Michael B. Feiler**
    Fla. Bar No. 098477

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 12, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/ Michael B. Feiler